E-FILED
Monday, 07 February, 2022  08:42:50 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| **MOISES TRUJILLO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.: 21-cv-3210-MMM** |
| | ) | |
| **LARRY BECK and JANE DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently held at the Menard Correctional Center, files a 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs at the Sangamon County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff pleads that he was held in the Jail awaiting sentencing when he began experiencing severe testicular pain on March 30, 2017. On April 7, 2017, Plaintiff was seen by an unidentified doctor who told him there was nothing wrong. Plaintiff asserts that he continued to experience pain over the next four years, without identifying anyone to whom he complained.

1

On or about May 1, 2021, Plaintiff was sent to Memorial Hospital in Springfield where he underwent an x-ray. On May 12, 2021, an outside physician diagnosed him as having a hernia which required surgical repair. Plaintiff asserts that the outside physician scheduled a date for surgery, without identifying that date. On July 28, 202, Plaintiff was transferred to the custody of the Illinois Department of Corrections ("IDOC"), without having undergone the surgery. Plaintiff names Jail Superintendent Beck and a Jane Doe Nurse Practitioner, complaining that they did not contact IDOC to "notify them about my date to see the doctor." It is unclear whether Plaintiff is claiming that was not taken for surgery on the scheduled date, or that he was transferred prior to the scheduled surgery and no further arrangements were made. Plaintiff asserts that he has not had the surgery and continues to suffer pain. He requests money damages only.

## ANALYSIS

As Plaintiff was convicted but not yet sentenced, his claim is reviewed under the Fourteenth Amendment, rather than the Eighth Amendment "cruel and unusual punishment" standard. *See Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009) (applying Fourteenth Amendment due process to an individual who is neither a pretrial detainee nor a sentenced prisoner, but in the "purgatory" between the two). Under the Fourteenth Amendment standard, the prisoner need only establish that a defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). In other words, that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that

required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482, at *12.

Plaintiff asserts that he experienced pain over a four-year period without identifying the frequency of the pain, any treatment he received, or to whom he made the complaints. Plaintiff does not provide any detail in this regard and does not appear to direct any allegations against those who did not respond in this four-year period. He names two Defendants, Superintendent Beck and the Jane Doe Nurse Practitioner, alleging only that they did not notify IDOC of his scheduled doctor's appointment. This fails to establish that either Defendant knew of a risk of serious harm to Plaintiff and was objectively unreasonable to it.

Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). Plaintiff's pleading is unduly vague and fails to place Defendants squarely on notice of the claims against them. *See Prindable v. Watson*, No. 21-697, 2021 WL 3089125, at *1 (S.D. Ill. July 22, 2021) ("[p]laintiffs are required to associate specific defendants with specific claims, so that the defendants are put on notice of the claims brought against them and can properly answer the complaint.") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2)).

**IT IS THEREFORE ORDERED:**

1)  Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to file an amended complaint. The filing is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. If Plaintiff repleads, he is to identify those

individual persons whom he holds liable for violating his constitutional rights. The failure to file

an amended complaint will result in the dismissal of this case, without prejudice, for failure to

state a claim.

2)      Plaintiff files [8], a letter requesting the status of this case. Plaintiff is advised that

in the future, if he seeks relief of this Court, he is to file it in the form of a motion not a letter. As

this order addresses Plaintiff's inquiry, [8] is rendered MOOT.


ENTERED:    2/7/2022


                                    s/Michael M. Mihm
                                MICHAEL M. MIHM
                            UNITED STATES DISTRICT JUDGE


        .