## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MOISES TRUJILLO, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-3210-MMM |
| | ) |
| LARRY BECK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER – AMEMDED COMPLAINT

Plaintiff, proceeding *pro se* and currently incarcerated at Menard Correctional Center, files an amended complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs at the Sangamon County Jail ("Jail"). On February 7, 2022, the Court dismissed Plaintiff's initial complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A and gave him 30 days to amend his complaint. (Doc. 9). Plaintiff filed an amended complaint on March 4, 2022. (Doc. 11).

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## FACTS

In his amended complaint, Plaintiff pleads that after he began experiencing testicular pain, he was seen by an unidentified Jail nurse on or about April 1, 2017. An unidentified physician prescribed pain medication, which Plaintiff claims was ineffective.

During the next few months, Plaintiff continued experiencing testicular pain and complained to unidentified "nurses, the MD, Warden, Lieutenant, and the physicians" at the Jail. (Doc. 11 at 6). On July 27, 2017, he was seen by Nurse K. Daniels and Dr. Arun Abraham, who ordered an ultrasound of his testicles and scrotum, revealing a cystic lesion adjacent to his right testicle. Nurse Daniels and Dr. Abraham did not refer him for a follow up ultrasound, as Plaintiff claims was recommended.

Plaintiff states that he continued complaining about testicular pain for months; however, it is unclear from his amended complaint who he complained to. On or about February 8, 2018, he was referred by Dr. Mary Dambacher for a follow up ultrasound, the results of which were "normal." *Id*.

Over the next three years, Plaintiff continued to experience testicular pain and was prescribed pain pills even though he told "the forementioned Doctors, Physicians, Nurses [sic] Practitioners, and RN's including Warden and Lutinets [sic] at the Sangamon County Jail that the pain pills did not help the pain at all." *Id.* at 7.

On or about May 12, 2021, Dr. Paganin Hughes Lochard referred Plaintiff for a third ultrasound, which revealed a small hernia within the right inguinal region.

On or about July 8, 2021, Plaintiff was sent to Memorial Hospital in Springfield for a consultation with a specialist, who examined Plaintiff and determined that surgery was necessary to repair the hernia.

Plaintiff filed a grievance on or about August 20, 2021, concerning the alleged deliberate indifference to his serious medical needs. He states that his grievance was denied.

On or about September 7, 2021, Plaintiff was transferred to the custody of the Illinois Department of Corrections ("IDOC"), without having undergone surgery. To date, Plaintiff has not had surgery to repair the hernia and is still in pain.

Plaintiff names Nurse K. Daniels, Dr. Arun Abraham, Dr. Mary Dambacher, Dr. Paganin Hughes Lochard, Superintendent Larry Beck, Lieutenant Smith, and Technologist Yunior Caso as Defendants. He claims they were deliberately indifferent to his serious medical needs, delayed his surgery, prescribed pain medication even though they knew it was ineffective, and allowed Plaintiff to be transferred to the IDOC prior to surgery.

He brings a *Monell* claim against Dr. Anthony Johnson, claiming that policies, procedures, and a medical contract required Jail employees to use cost-effective, alternative treatment instead of curative treatment.

He requests compensatory and punitive damages and injunctive relief in the form of surgically repairing the hernia.

## ANALYSIS

As Plaintiff was convicted but not yet sentenced at the time of the alleged events, his deliberate indifference claim is reviewed under the Fourteenth Amendment, rather than the Eighth Amendment "cruel and unusual punishment" standard. *See Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009) (applying Fourteenth Amendment due process to an individual who is neither a pretrial detainee nor a sentenced prisoner, but in the "purgatory" between the two). Under the Fourteenth Amendment standard, the detainee need only establish that a defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable.

*Miranda v. County of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018). In other words, that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (7th Cir. 2017). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 900 F.3d at 353 (citation and internal quotation marks omitted).

Plaintiff states a deliberate indifference claim as to Nurse K. Daniels and Dr. Arun Abraham for allegedly failing to refer him for a follow up ultrasound, which Plaintiff claims was recommended after an ultrasound performed on July 27, 2017, revealed a cystic lesion adjacent to his right testicle. *See Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011) (concluding that fact-finder could reasonably infer deliberate indifference from doctors' refusal to authorize hernia surgery despite almost two years of worsening pain).

Plaintiff fails to state a claim against Dr. Dambacher and Dr. Lochard. He alleges that Dr. Dambacher referred him for a follow up ultrasound on February 8, 2018, and that the results were normal. He alleges that Dr. Lochard referred him for a third ultrasound on May 12, 2021, which revealed a small hernia. A few months later, Plaintiff had a consultation with a specialist. Plaintiff's allegations are insufficient to establish that their conduct was objectively unreasonable and that they "failed to act with reasonable care to mitigate the risk." *See Darnell*, 849 F.3d at 35. As such, Dr. Dambacher and Dr. Lochard are DISMISSED, without prejudice, for failure to state a claim.

While Plaintiff claims that he was prescribed pain medication that was ineffective, Plaintiff fails to plead facts to support that Nurse Daniels, Dr. Abraham, Dr. Dambacher, Dr. Lochard, and Dr. Johnson prescribed the medication, knew of this alleged lack of efficacy, and failed to take reasonable measures to provide effective treatment.

Plaintiff asserts that Superintendent Larry Beck was deliberately indifferent to his medical needs, was responsible for delaying his surgery, and could have stopped his transfer to the IDOC. Plaintiff states that he complained about his pain, but it is unclear from his pleading whether Superintendent Beck knew about Plaintiff's medical condition and treatment, or lack thereof. "There cannot be liability without personal involvement." *Riley v. Kolitwenzew*, 526 Fed.Appx. 653, 657 (7th Cir. 2013). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle*, 933 F.Supp.2d 1028, 1037–38 (N.D. Ill.2013) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Superintendent Beck is DISMISSED, without prejudice, for failure to state a claim.

Plaintiff's pleading is unduly vague and fails to place Defendant Yunior Caso squarely on notice of the claims. *See Prindable v. Watson*, No. 21-697, 2021 WL 3089125, at *1 (S.D. Ill. July 22, 2021) ("Plaintiffs are required to associate specific defendants with specific claims, so that the defendants are put on notice of the claims brought against them and can properly answer the complaint.") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Without any further details or explanation, Plaintiff makes a conclusory statement that Technologist Yunior Caso was deliberately indifferent to his serious medical needs. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville*, 266 F.3d at 740 (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Plaintiff alleges that he complained to unidentified lieutenants about his testicular pain, but it is unclear from his pleading if Plaintiff is referring to Lieutenant Smith. *Id.* at 7. Plaintiff fails to state a claim as to Defendant Smith, however, as while he may have been aware of his complaints,

Plaintiff was under the care of physicians and nurses. "If a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that this prisoner is in capable hands." *Cardona v. Pickett*, No. 07- 503, 2010 WL 914929, at *7 (S.D. Ill. Mar. 11, 2010) (defendant Health Services Administrator was not responsible for an inmate's medical treatment and, therefore, not deliberately indifferent to the inmate's medical needs). Defendants Yunior Caso and Lieutenant Smith are DISMISSED, without prejudice, for failure to state a claim.

Plaintiff attempts to assert a *Monell* claim against Dr. Anthony Johnson, claiming that unidentified policies, procedures, and a "medical contract" required Jail employees to use cost-effective, alternative treatment instead of curative treatment. *Monell* provides that liability will attach where constitutional injury results from the policies or practices of an entity acting under color of law. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978). The amended complaint fails to allege facts sufficient to give Dr. Johnson notice of the specific policies against which he must defend. *See Rikas v. Babusch*, No. 13 cv 2069, 2014 WL 960788, at *3 (N.D. Ill. March 12, 2014). Plaintiff's *Monell* claim and Defendant Anthony Johnson are DISMISSED, without prejudice, for failure to state a claim.

**IT IS THEREFORE ORDERED:**

1.  Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a deliberate indifference claim against Nurse K. Daniels and Dr. Arun Abraham. Any additional claims shall not be included in the case, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2.  Superintendent Larry Beck, Lieutenant Smith, Dr. Lochard, Dr. Dambacher, Dr. Johnson, and Yunior Caso are DISMISSED, without prejudice, for failure to state a claim. The Clerk is directed to terminate them as parties.

3.      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4.      The Court will attempt service on Defendants by mailing a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5.      If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.      Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered.

7.      This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any

motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for Defendants are hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition. Plaintiff shall be provided a copy of all pertinent medical records upon request.

9. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.


ENTERED:  4/26/2022

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
